IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAIICHI SANKYO COMPANY, LTD., | : |
| Plaintiff, | : |
| v. | : C.A. No. 19-2087-LPS |
| SEATTLE GENETICS, INC., | : |
| Defendant. | : |

## MEMORANDUM ORDER

WHEREAS, on March 25, 2020, Magistrate Judge Fallon issued a Report and Recommendation ("Report") (D.I. 31), recommending that the Court deny Defendant Seattle Genetics, Inc.'s ("SGI" or "Defendant") motion to dismiss for failure to state a claim (D.I. 6) and further recommending that the Court grant SGI's motion to stay (D.I. 6);

WHEREAS, on April 8, 2020, Plaintiff Daiichi Sankyo Company, Limited ("DSC") filed objections to the Report (D.I. 33), specifically objecting that Judge Fallon erred in recommending that the Court grant SGI's motion to stay;

WHEREAS, on April 20, 2020, SGI filed a response to DSC's objections (D.I. 34);

WHEREAS, the Court has reviewed Judge Fallon's recommendation to grant SGI's motion to stay for clear error, *see ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, 2012 WL 5599338, at *1 (D. Del. Nov. 15, 2012);

WHEREAS, the Court has considered the parties' more recent filings (*see* D.I. 36-40), including the subsequent authorities they cite;

1

WHEREAS, the parties have notified the Court that "Judge Garrett E. Brown, Jr. (Ret.), sitting as Arbitrator, determined that the claims and requests for relief stated by SGI in its Demand for Arbitration are arbitrable" (D.I. 36 at 1);

NOW, THEREFORE, IT IS HEREBY ORDERED that DSC's objections are OVERRULED, the Report (D.I. 31) is ADOPTED, SGI's motion to dismiss (D.I. 6) is DENIED, and SGI's motion to stay (D.I. 6) is GRANTED.

IT IS FURTHER ORDERED that the parties shall meet and confer and, no later than November 4, 2020, submit a joint status report advising the Court whether any further action is required from the Court, given the Court's decision in this Order and the Arbitrator's determination regarding the arbitrability of the claims (*see* D.I. 36 Ex. A at 7), and further providing the parties' positions on whether this case should be administratively closed and/or whether the parties should submit regular joint status reports.

1. DSC faults Judge Fallon for relying on the Collaboration Agreement's arbitration clause to recommend staying the litigation (D.I. 33 at 3-5), but Judge Fallon did not clearly err in reaching her conclusion. While the Third Circuit has not decided that contract provisions incorporating AAA rules are *always* "clear and unmistakable evidence" of the intent to arbitrate, it has noted that for "bilateral arbitration dispute[s]," such as this one, "[v]irtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Chesapeake Appalachia, LLC v. Scout Petrol., LLC*, 809 F.3d 746, 763-64 (3d Cir. 2016) (brackets in original; internal quotation marks omitted). Moreover, the Third Circuit recently suggested that such provisions evince a "clear and unmistakable" intent to arbitrate when "the

rest of [the] contract" is not "so ambiguous or unclear that the meaning of the AAA Rules becomes murky." *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020).

2. Here, DSC has not persuaded the Court that anything in the parties' Collaboration Agreement – including the parties' carve-out clause – "mudd[ies] the clarity of the parties' intent to delegate." *Id.* at 103 n.2; *see also Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1075-76 (9th Cir. 2013); D.I. 31 at 9 n. 6. Thus, the Court agrees with Judge Fallon that the parties delegated the question of arbitrability to the arbitrator.

October 27, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

3