# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAIICHI SANKYO COMPANY, LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-2087-LPS |
| | ) |
| SEATTLE GENETICS, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT STATUS REPORT

On October 27, 2020, the Court entered an order (D.I. 41) adopting the Magistrate Judge's March 25, 2020 Report and Recommendation (D.I. 31) and overruling Plaintiff Daiichi Sankyo Company, Limited's ("DSC's") objections to the Report. The Court therefore denied Defendant Seattle Genetics, Inc.'s ("SGI's") motion to dismiss and granted its alternative motion to stay (D.I. 6). The Court also ordered that the parties submit a joint status report by November 4, 2020, "advising the Court whether any further action is required from the Court, given the Court's decision in this Order and the Arbitrator's determination regarding the arbitrability of the claims," and "further providing the parties' positions on whether this case should be administratively closed and/or whether the parties should submit regular joint status reports." (D.I. 41 at 2.)

Pursuant to the Court's October 27, 2020 Order (D.I. 41), Plaintiff DSC and Defendant SGI met and conferred on November 3-5, 2020 and jointly submit this status report. The parties agree that no further action from the Court is required at this time. The parties disagree, however, whether the Court should enter a final order of dismissal or administratively close the case but retain it on the docket.

**DSC's Position**

Plaintiff DSC respectfully submits that this Court should enter a final order dismissing DSC's complaint.  The parties agree that all issues pending before the Court have been resolved.  In these circumstances, a final order of dismissal enabling DSC to seek appellate review is the most logical and equitable course.  As this Court observed, the Third Circuit has not yet decided whether incorporation of the American Arbitration Association's Rules ("AAA Rules") into a contractual arbitration clause constituted "'clear and unmistakable evidence'" that the parties agreed to delegate the question of arbitrability to the arbitrator.  D.I. 41 at 2.  Other district courts within this Circuit have similarly noted the lack of binding circuit precedent on this question, and have concluded that such incorporation does not constitute the requisite "clear and unmistakable evidence."  *See, e.g.*, *Jones Lang Lasalle Ams. Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 313*, No. 16-190, 2017 WL 6417631, at *3 (D. Del. Dec. 15, 2017).  An immediate appeal would provide much-needed guidance on this vital and recurring issue.

Dismissal would not prejudice SGI.  SGI originally moved for dismissal, requesting a stay only in the alternative.  D.I. 6 at 1.  SGI cannot now credibly resist the very relief it requested in the first place.  Thus, this is a very different case from instances where a party requests only a stay of litigation pending referral to arbitration.  *See Lloyd v. Hovensa, LLC*, 369 F.3d 263, 269 (3d Cir. 2004).  As the Third Circuit explained, an order dismissing the case after compelling arbitration is final and appealable under section 16 of the FAA, 9 U.S.C. § 16.  *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 600-02 (3rd Cir. 2002).  Nor can SGI credibly argue that this Court is now prevented from granting dismissal by the happenstance of having stayed the proceedings when dismissal is the very relief it had requested originally.  D.I. 6 at 22 ("Accordingly, this Court should refer the claims to the arbitrator and dismiss them here, or, in

the alternative, stay the claims so the arbitrator may decide arbitrability."). Now that DSC is seeking to appeal, SGI changed its course. But this is not a case where SGI's objective of forcing DSC to arbitrate is being frustrated. On the contrary, the parties have been proceeding with the Arbitration, with a hearing on the merits currently scheduled to begin on June 14, 2021.

A stay made sense when the Arbitrator had not yet ruled on whether the parties' dispute belonged in arbitration or in court. Now that the Arbitrator has decided that question, a continuing indefinite stay (the result of administrative closure) would serve no purpose and would prejudice DSC by preventing it from promptly exercising its right to appellate review. A prompt appellate review would also conserve judicial (and the parties') resources by deciding the threshold arbitrability issue at an earlier stage of the arbitration.

There is no need for this Court to exercise supervisory oversight over this case. The arbitration is proceeding on schedule, and there is no reason to suppose that the parties (or the Arbitrator) will be unable to resolve any disputes that may arise in the course of those proceedings. Indeed, the parties have had various disputes submitted to the Arbitrator for resolution, and have abided by the Arbitrator's rulings, without any need for court intervention. In any event, any hypothetical concerns about the need to seek the Court's intervention in the future cannot outweigh the real prejudice to DSC by delaying its right to appellate review of an important and unsettled issue that this Court has now fully and finally decided.

Alternatively, DSC would respectfully request that the Court certify its October 27, 2020 order for an interlocutory appeal under 28 U.S.C. § 1292(b). As explained above, the Court's order decides a legal issue of first impression in this Circuit, and an immediate appeal would materially advance the ultimate termination of this case by deciding the arbitrability issue sooner. Indeed, section 16 of the FAA expressly authorizes an immediate interlocutory appeal pursuant

to a certification under section 1292(b).  *See* 9 U.S.C. § 16(b).

### SGI's Position

The Court should administratively close this action rather than dismiss it.  In discussions preceding this filing, DSC made clear its motivation for seeking dismissal is to appeal the Court's order as quickly as possible.  Its goals conflict with the statutory scheme for appeals under the Federal Arbitration Act (FAA).  Under Section 16 of the FAA, 9 U.S.C. § 16, whenever a stay is entered under Section 3, the party resisting arbitration is expressly denied the right to an immediate appeal.  *See Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 270 (3d Cir. 2004).

Having ordered a stay pending arbitration (D.I. 41), the Court cannot dismiss the action.  FAA section 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties **stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).  The Third Circuit has held "the plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration."  *Lloyd*, 369 F.3d at 269.

The Court thus lacks the authority to dismiss the action.  *See Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-cv-553, 2018 WL 4870603, at *3 (E.D. Tenn. Mar. 16, 2018) (discussing circuit split on whether Section 3's "stay" language is permissive and noting "[t]he Third Circuit has taken the strongest stance in this regard").  DSC is asking the Court to do something it cannot do.

The Court may, however, administratively close this action.  *Freeman v. Pittsburgh Glass*

*Works, LLC*, 709 F.3d 240, 246-47 (3d Cir. 2013) ("Federal courts have long distinguished dismissals from administrative closings."); *Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) ("Retention of jurisdiction through the administrative closing of a case is an established practice in district courts within our Circuit.").  Administrative closure would permit the Court to maintain a "supervisory role over the arbitration" and "to act as a judicial backstop" if further issues were to arise from the arbitration.  *Freeman*, 709 F.3d at 248.  "This practice is not only permissible but also laudable" in cases with pending arbitration because "it often makes sense for the parties to return to a judge who is already familiar with the case." *Id.*

      DSC asserts that dismissal is appropriate now because SGI had previously requested dismissal, but DSC offers no argument why circumstances then are relevant to the now-pending question.  SGI moved to dismiss or to stay, in the alternative, (D.I. 6), and the Court decided to stay rather than dismiss.  (D.I. 41.)  DSC asserts that the Court's Order only ruled on the issue of the delegation of arbitrability, but in fact Judge Fallon also made findings on the arbitrability on the merits (D.I. 31 at 9 n.6 ("dispute is subject to arbitration under the Agreement")).  The Court adopted Judge Fallon's Report and Recommendation.  (D.I. 41.)

Dated: November 5, 2020

| ASHBY & GEDDES | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Steven J. Balick* | */s/ Anne Shea Gaza* |
| Steven J. Balick (No. 2114)<br>Andrew C. Mayo (No. 5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com | Anne Shea Gaza (No. 4093)<br>Samantha Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6727<br>agaza@ycst.com<br>swilson@ycst.com |
| *Of Counsel:* | *Of Counsel:* |
| Preston K. Ratliff II<br>Joseph M. O'Malley<br>Isaac S. Ashkenazi<br>Kevin P. Broughel<br>Ashely N. Mays-Williams<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 318-6000 | MORRISON & FOERSTER LLP<br>Michael A. Jacobs<br>Matthew A. Chivvis<br>425 Market Street<br>San Francisco, CA 94105-2482<br>(415) 268-7000<br><br>MORRISON & FOERSTER LLP<br>Bryan Wilson<br>Pieter S. de Ganon<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018<br>(650) 813-5600 |
| *Attorneys for Plaintiff*<br>*Daiichi* Sankyo *Company, Limited* | *Attorneys for Defendant*<br>*Seattle Genetics, Inc.* |